**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| FRANKIE FULTON, DANIEL LUEVANO, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B),<br><br>*Plaintiffs*,<br>v.<br><br>BAYOU WELL SERVICES, LLC,<br><br>*Defendants*. | Civil Action No. 3:16-cv-474 |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs ("Plaintiffs") Frankie Fulton and Daniel Luevano, individually and on behalf of all others similarly situated file this Original Complaint against Defendant Bayou Well Services, LLC ("Defendant"), and in support state the following:

### I. SUMMARY

1. Plaintiffs and other technicians worked well in excess of 40 hours per week for Defendant on a regular basis. In return for this hard work, Defendant failed to pay these hardworking technicians overtime wages as required under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. In return for this hard work, Defendant deprived Plaintiffs and the Class Members of wages by miscalculating their overtime pay by not including their per diem or non-discretionary bonus pay in their regular rate of pay for overtime calculation purposes.

### II. PARTIES

2. Plaintiff Frankie Fulton is an individual who worked for Defendant as a technician. His consent to participate is attached to this Complaint as Exhibit A.

3. Plaintiff Daniel Luevano is an individual who resides in this District and worked for Defendant as a technician. His consent to participate is attached as Exhibit B.

4. The Plaintiffs and "Class Members" are Defendants' current and former technicians whose primary duty was to perform technical work and manual labor involving the maintenance and repair of oilfield equipment and tools.

5. Defendant Bayou Well Services, LLC is a Texas LLC that can be served through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

### III.   JURISDICTION AND VENUE

6. This Court has jurisdiction over the claim because Plaintiffs have asserted a claim arising under federal law.

7. Venue is proper in the Northern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

### IV.   COVERAGE FACTS

8. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff sand the Class Members.

9. At all times hereinafter mentioned, Defendant has been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

12.     At all times hereinafter mentioned, Plaintiffs and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.     FACTUAL ALLEGATIONS

13.     Defendant provides "well site support services for oil and gas operations across the United States" and prides itself on having its employees work everywhere from the "the biting cold temperatures of North Dakota to the blistering heat of North Dakota and everywhere in between."[1] Plaintiffs and the Class Members are the technicians that Defendant relies upon to maintain and repair oilfield equipment in these drastic climates and throughout the country.

14.     Plaintiffs both worked as technicians, and specifically electronic technicians, for Defendants within the last three years.  Plaintiffs and the Class Members' primary duties consisted of maintaining and repairing oilfield equipment and tools.

15.     Plaintiffs routinely worked in excess of twelve hours a day and 40 hours per workweek, but were not paid overtime in compliance with the Fair Labor Standards Act. Defendants knew Plaintiffs and the Class Members worked in excess of 40 hours per week because they scheduled and directed them to do so on a routine basis.

16.     Plaintiffs and the Class Members were non-exempt hourly employees. Defendant paid them an hourly rate, per diem pay, and a non-discretionary bonus. Defendant paid Plaintiffs and the Class Members one-and-one-half of their hourly rate for each hour worked, but failed to

---

[1] https://www.linkedin.com/company/bayou-well-services (last visited February 19, 2016).

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                          **Page - 3**

include the per diem pay or non-discretionary bonus pay into Plaintiffs or the Class Members' regular rate when calculating overtime pay. Defendant violated the FLSA by failing to include this compensation into the regular rate for determining Plaintiffs and the Class Members' overtime compensation.

17.   Defendants were aware of the FLSA's overtime requirements and chose not to pay Plaintiffs and the Class Members overtime in compliance with the FLSA by failing to pay its Plaintiffs and Operators in a manner in compliance with the FLSA.

### VI.   COLLECTIVE ACTION ALLEGATIONS

18.   Plaintiff incorporates paragraphs 13 – 17 as if stated fully herein.

19.   Plaintiff and the Class Members performed the same or similar job duties as one another as described in the preceding paragraphs in that the Class Members were other technicians (or some other name variation) whose primary duty was to maintain and repair oilfield equipment and tools.  Further, Plaintiff and Class Members were subjected to the same pay provisions in that they were paid under the same pay plan and were not paid at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek. Specifically, Defendant failed to pay Plaintiffs and Class Members at the rates required by the FLSA because Defendants failed to include per diem and non-discretionary bonus pay into Plaintiff and the Class Members' regular rates for overtime calculation purposes. Accordingly, the Class Members were victimized by Defendants' unlawful pattern and practices and are similarly situated to Plaintiff in terms of job duties and pay provisions.

20.   Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members.  Thus, Plaintiffs' experience is typical of the experience of the Class Members.  All Class Members, regardless of their precise job requirements or rates of

pay, are entitled to overtime compensation at a rate of one-and-one-half their regular rate for hours worked in excess of 40 per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The questions of law and fact are common to Plaintiffs and the Class Members.

21. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime and minimum compensation with respect to Plaintiff and the Class Members.

## VII.   CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

22. During the relevant time period, Defendant violated and continues to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendant has acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII.   RELIEF SOUGHT

23. WHEREFORE, cause having been shown, Plaintiffs pray for judgment against Defendant jointly and severally as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join the suit); and

    b.    For an Order awarding Plaintiffs (and those who may join in the suit) the costs of this action;

    c.    For an Order awarding Plaintiffs (and those who may join in the suit) attorneys' fees;

    d.    For and Order awarding Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *Jack Siegel*
**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
**SIEGEL LAW GROUP PLLC**
10440 N. Central Expy.
Suite 1040
Dallas, Texas 75231
(214) 706-0834 phone
(469) 339-0204 fax
www.siegellawgroup.biz

**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
**J. FORESTER**
Texas Bar No. 24087532
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF**