IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FRANKIE FULTON, *et al.*,　　　　§
　　　　　　　　　　　　　　　§
　　　　Plaintiffs,　　　　　　　§
　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　§　　　　Civil Action No. 3:16-CV-00474-N
　　　　　　　　　　　　　　　§
BAYOU WELL SERVICES LLC,　　§
　　　　　　　　　　　　　　　§
　　　　Defendant.　　　　　　　§

## ORDER

This Order addresses Plaintiffs Frankie Fulton, Daniel Luevano, and Kaleb Baugh's (collectively, the "Fulton Plaintiffs") motion for notice and conditional certification [26] and Defendant Bayou Well Services LLC's ("BWS") motion to dismiss [28]. Because the Fulton Plaintiffs satisfy the requirement of the lenient first step of the two-step *Lusardi* conditional certification process,[1] the Court grants the Fulton Plaintiffs' motion and conditionally certifies the class as defined below. The Court denies the Defendant's motion to dismiss.

## I. ORIGINS OF THE PLAINTIFFS' OPT-IN CLASS ACTION

This case arises from the Fulton Plaintiffs' employment at BWS. BWS provides well site support services for oil and gas operations. Pls.' Second Am. Compl. ¶14 [22]. The Fulton Plaintiffs and Class Members are hourly-paid, nonexempt employees performing oilfield labor services (collectively, "NEEs"). Pls.' Mot. for Notice to Potential Pls. and for Conditional Certification ("Mot. For Notice") ¶17 [26]. The Fulton Plaintiffs allege that they

---

[1]*Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).

ORDER – PAGE 1

and others similarly situated were routinely underpaid for overtime as a result of policies instituted by BWS. Pls.' Second Am. Compl. ¶ 25. According to the Fulton Plaintiffs, BWS did not properly compensate hours worked in excess of 40 hours a week. *Id.* at ¶16. Specifically, the Fulton Plaintiffs allege BWS violated the Fair Labor Standards Act ("FLSA") by failing to include all remuneration, specifically non-discretionary bonus and "non-revenue pay," into the regular rate for overtime calculation purposes. *Id.* at ¶17. The Fulton Plaintiffs allege they routinely worked in excess of 40 hours per week, and BWS did not pay time-and-one-half at the proper regular rate of pay for the extra hours, resulting in underpayment for overtime wages. *Id.* at ¶¶16–17. The Fulton Plaintiffs now move under the FLSA for conditional certification and notice to a potential class of "opt-in" plaintiffs. *See* Mot. For Notice 10. BWS moves to dismiss the claims brought on behalf of equipment operators and to dismiss Plaintiffs Fulton, Luevano, and Baugh. *See* Def.'s Mot. to Dismiss [28].

## II. STANDARD FOR OPT-IN CLASS ACTIONS UNDER THE FLSA

Section 16(b) of the FLSA allows an individual employee or group of employees to sue "any employer . . . for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Only those employees who have provided express written consent to join the suit may comprise a class under the FLSA.[2] This "opt-in" approach distinguishes FLSA class actions from those pursued under Federal Rule of Civil

---

[2]"No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

Procedure 23's "opt-out" method.  *See* FED. R. CIV. P. 23; *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975).

Courts use one of two procedures to certify FLSA classes.  The dominant approach employs a two-step process exemplified by the lengthy *Lusardi v. Xerox Corporation* litigation.  99 F.R.D. 89 (D.N.J. 1983) (conditional certification); 118 F.R.D. 351 (D.N.J. 1987) (decertification).[3]  In the first step, "the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members."  *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995).  "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."  *Id.*  Generally, "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" as evidence sufficient to move beyond the first step.  *Id.* at 1214 n.8 (quoting *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)).  "If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.'" *Id.* at 1214; *see also Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989) (holding that district courts may facilitate notice to potential plaintiffs).

The second step consists of a "decertification" analysis conducted after the close of discovery and upon motion by the defendant.  Based on the evidence obtained during

_____

[3]After the district court decertified the *Lusardi* opt-in class, the litigation continued in various forms for several years.  *See, e.g.*, *Lusardi v. Lechner*, 855 F.2d 1062 (3d Cir. 1988), *vacated in part, modified in part, and remanded sub nom. Lusardi v. Xerox Corp.*, 122 F.R.D. 463 (D.N.J. 1988); *see also Lusardi v. Xerox Corp.*, 975 F.2d 964 (3d Cir. 1992).

discovery,[4] the Court "makes a factual determination on the similarly situated question."[5]

*Mooney*, 54 F.3d at 1214. "If the claimants are similarly situated, the district court allows

the representative action to proceed to trial.  If the claimants are not similarly situated, the

district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.

The class representatives – *i.e.*, the original plaintiffs – proceed to trial on their individual

claims."  *Id.*  Thus, "by its nature," the *Lusardi* approach "does not give recognizable form

to an [FLSA] class, but lends itself to ad hoc analysis on a case-by-case basis."  *Id.* at 1213.

Under Fifth Circuit precedent, courts do not engage in the decertification process until

after "discovery is largely complete and the matter is ready for trial.  At this stage, the court

has much more information on which to base its decision, and makes a factual determination

on the similarly situated question."  *Mooney*, 54 F.3d at 1214.  Thus, even when the parties

have conducted partial or limited discovery before moving for conditional certification,

courts do not skip the first step and apply the second step of the *Lusardi* approach.  *See, e.g.*,

*Kelly v. Healthcare Servs. Grp., Inc.*, 2014 WL 1760904, at *1 (E.D. Tex. 2014) ("The fact

that some discovery has been conducted does not increase the plaintiffs' burden at this first

---

[4]"The fact that some discovery has been conducted" prior to conditional certification "does not increase the plaintiffs' burden . . . to the more onerous standard that applies at the second, decertification stage."  *McKnight v. D. Houston, Inc.*, 756 F.Supp.2d 794, 802 (S.D. Tex. 2010) (noting that the more rigorous second step review "is only appropriate 'after discovery is largely complete and the matter is ready for trial'" (quoting *Mooney*, 54 F.3d at 1214)).

[5]"*Lusardi* and its progeny are remarkable in that they do not set out a definition of 'similarly situated,' but rather they define the requirement by virtue of the factors considered in the 'similarly situated' analysis."  *Mooney*, 54 F.3d at 1213 (citing various factors used in *Lusardi*, 118 F.R.D. at 359 (original decertification order), and *Lusardi*, 122 F.R.D. at 465–66 (decertification order on remand)).

conditional certification stage to the more onerous standard that applies at the second, decertification stage.").

The second approach to FLSA class certification, exemplified by *Shushan v. University of Colorado*,[6] considers "the 'similarly situated' inquiry [under the FLSA] to be coextensive with Rule 23 class certification." *Mooney*, 54 F.3d at 1214. A court using the *Shushan* approach analyzes FLSA class certification through Rule 23 factors like "numerosity, commonality, typicality, and adequacy of representation." *Id.* (internal quotation marks omitted). "Under this methodology, the primary distinction between an [FLSA] representative action and a [Rule] 23 class action is that persons who do not elect to opt-in to the [FLSA] representative action are not bound by its results." *Id.*

The Fifth Circuit expressly has declined to endorse either approach. *Id.* at 1216. Like most courts, however, the Northern District of Texas adheres to the two-step *Lusardi* method. *See, e.g.*, *Oliver v. Aegis Commc'ns Grp., Inc.*, 2008 WL 7483891, at *3 (N.D. Tex. 2008) (Kinkeade, J.) (collecting cases). The Court sees no reason to deviate from that practice in this case.

### III. THE COURT CONDITIONALLY CERTIFIES THE OPT-IN CLASS

The Fulton Plaintiffs ask the court to conditionally certify a class consisting of "all hourly paid workers who received a safety bonus or 'non-revenue' pay who worked for Bayou Well Services, LLC from June 16, 2013 to the present." *See* Mot. for Notice 4. The Court must thus determine at this stage whether, in the words of several courts, there exists

---

[6]132 F.R.D. 263 (D. Colo. 1990).

ORDER – PAGE 5

"some identifiable facts or legal nexus [that] binds the claims so that hearing the cases together promotes judicial efficiency." *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012) (alteration in original) (quoting *Aguirre v. SBC Commc'ns, Inc.*, 2006 WL 964554, at *5 (S.D. Tex. 2006)). The Court finds such a nexus here. Thus, the Court reserves a similarly-situated determination until the second step.[7]

Through their pleadings and affidavits, the Fulton Plaintiffs claim BWS subjected them to a common wage policy that, among other things, resulted in systematic underpayment for overtime worked. Additionally, the Fulton Plaintiffs name other allegedly similarly situated current and former employees of BWS whom they believe will join the opt-in class.[8] And, because the Fulton Plaintiffs seek conditional certification only for current and former hourly-paid employees who received nondiscretionary bonus or "nonrevenue" pay in the past three years, whom the policies at issue affect, the Court finds their request reasonable in scope and conducive to judicial efficiency.

---

[7]Courts can ferret out putative FLSA class actions undeserving of conditional certification by comparing the scope of requested discovery and certification to the scope of the underlying policy giving rise to the suit. For example, a request to conditionally certify a statewide class based on a policy instituted by a manager at a single location likely would fail to meet the first step. But when, as here, plaintiffs bring a factually-supported FLSA action crafted in proportion to the policy's reach, courts reserve a more searching examination for the second step. *Accord H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884 (11th Cir. 1983)).

[8]*Cf. McKnight*, 756 F.Supp.2d at 801 ("At this stage, a plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit.") (collecting cases)).

Defendants argue conditional certification should be denied because the proposed definition includes equipment operators, whose claims are pending in another FLSA case. It is true that there is a case pending in the Southern District of Texas, *Bittner v. Bayou Well Services*, where the court conditionally certified a class of hourly paid equipment operators employed by BWS. *See Bittner v. Bayou Well Services,* Civil Action No. 4:15-cv-1142 (S.D. Tex. filed April 30, 2015). Here, the proposed definition "specifically excludes all hourly paid equipment operators who have filed consents to join *Bittner.*" Pls.' Mot. For Notice 4. Accordingly, the Court conditionally certifies a class consisting of the following people:

> Defendant's current and former hourly paid employees who received non-discretionary bonus or "non-revenue" pay from June 16, 2013 to the present. This definition excludes all equipment operators who have filed consents to join *Bittner v. Bayou Well Services*, Civil Action No. 4:15-cv-1142 (S.D. Tex. filed April 30, 2015).

The Court orders BWS to provide the Fulton Plaintiffs with the name, last known address, email address, and telephone number, if known, for each individual falling within the conditionally certified class (the "Employee Information"). BWS shall provide the Employee Information in an electronic format, or in written format if not available in electronic form, within fourteen (14) days of the date of this Order. The Fulton Plaintiffs shall use the Employee Information only to mail or email notice to potential opt-in plaintiffs. BWS will also post the Notice and Consent forms at each of their locations where NEEs report.

The Court approves the notice letter and consent form included with the Fulton Plaintiffs' motion. *See* App. to Mot. for Notice, Exs. A, B [26-1], [26-2]. The Court authorizes the Fulton Plaintiffs to mail, at the Fulton Plaintiffs' cost, a copy of the notice

letter and consent form, along with a self-addressed, postage-paid return envelope, to each potential class member. The Fulton Plaintiffs shall mail these materials within seven (7) days after BWS turns over the Employee Information (the "Mailing Date"). Potential plaintiffs shall have sixty (60) days from the Mailing Date to file a consent form opting-in to this litigation (the "Opt-In Period"), unless the parties agree to permit late filings.

The Fulton Plaintiffs' counsel shall date stamp the returned consent forms on the day they are received in counsel's office and retain any envelope or other evidence showing the date the consent forms were postmarked or fax-stamped. All consent forms postmarked or fax-stamped on or before the last day of the Opt-In Period will be considered timely. The Court will not accept consent forms postmarked or fax-stamped after the Opt-In Period expires.

Within fourteen (14) days after the last day of the Opt-In Period, the Fulton Plaintiffs' counsel, on behalf of the opting-in plaintiffs, shall file the consent forms with the Court (the "Filing Date"), noting the received date for each individual. The Court tolls the statute of limitations for each opt-in class member through the Filing Date. The Court will accept late-filed consent forms only for good cause.

The Court also orders that the parties may conduct additional class certification discovery for ninety (90) days after the Filing Date. The Court further orders BWS to file a motion for decertification within thirty (30) days after the close of class certification discovery, at which time the Court will apply the more stringent review required under *Lusardi*'s second-step analysis.

## IV. THE COURT DENIES THE DEFENDANT'S MOTION TO DISMISS

BWS moves to dismiss the Fulton Plaintiffs' claims brought on behalf of current and former employees who worked as equipment operators. *See* Def.'s Mot to Dismiss 1 [28]. Defendants argue that the *Bittner* case and this case substantially overlap, and as a result this case should be dismiss under the first-to-file rule. *See* Def.'s Mot. to Dismiss Certain Pls. and Claims, and Resp. in Opp. to Pls.' Mot. for Conditional Certification and Notice 4 [29]. But the issues raised here do not substantially overlap with the *Bittner* litigation. *See Buckalew v. Celanese, Ltd.*, 2005 WL 2266619, at *3 (S.D. Tex. Sept. 16, 2005) (finding no substantial overlap where employees were not identical and case included independent causes of actions). Here, the plaintiffs are not involved in the *Bittner* litigation. While the class definition may encompass BWS employees who worked as equipment operators, the class definition expressly excludes individuals participating in the *Bittner* litigation from opting in. *See id.* (stating "[t]he first-to-file rule does not require identical parties, but the fact that the parties are different cuts against an argument for substantial overlap."). Moreover, this case includes a claim for an FLSA violation due to BWS' failure to include nonrevenue pay in the regular rate of pay for purposes of overtime calculation, a claim not present in the *Bittner* litigation. *See* Pls.' Resp. To Mot. To Dismiss 5 [41]; *See* Def.'s Mot. to Dismiss Certain Pls. and Claims, and Resp. in Opp. to Pls.' Mot. for Conditional Certification and Notice 5–6. Accordingly the court denies the defendant's motion to dismiss under the first-to-file rule.

BWS also moves to dismiss Plaintiffs Fulton, Luevano, and Baugh. First, BWS contends Fulton's claims should be dismissed because he opted into the *Bittner* case. Def.'s

Mot. to Dismiss Certain Pls. and Claims, and Resp. in Opp. to Pls.' Mot. for Conditional Certification and Notice 7–8. While Fulton had previously consented to the *Bittner* litigation, this was in error as he was not an equipment operator, and he has since withdrawn his consent. *See* App. to Pls.' Resp. to Mot. to Dismiss, Ex. C [41-3]. BWS also contends Luevano's claims should be dismissed because his employment ended in June 2013. *See* Def.'s Mot. to Dismiss Certain Pls. and Claims, and Resp. in Opp. to Pls.' Mot. for Conditional Certification and Notice 9–10. The Court does not find this argument persuasive as the Plaintiffs allege Luevano worked for BWS during the time period covered by the conditional class. Finally, BWS further contends Baugh's claims should be dismissed as he, a former equipment operator, had the opportunity to opt in to the *Bittner* litigation. *Id.* at 8–9. Because the Court finds the cases do not substantially overlap, and because Baugh did not opt in to the *Bittner* litigation, the Court denies the motion to dismiss Baugh. Accordingly, the Court denies BWS' motion to dismiss in full.

## CONCLUSION

The Court grants the Fulton Plaintiffs' motion for notice and conditional certification, conditionally certifies the proposed class, and authorizes notice to potential plaintiffs pursuant to the terms set forth above. The Court denies BWS' motion to dismiss.

Signed September 21, 2016.

David C. Godbey
United States District Judge

ORDER – PAGE 10